Opinion by
Orlady, J.,
On August 4, 1908, the appellee purchased from Rachel Bell, by an agreement in writing, under seal, and acknowledged by each before a notary public, a tract of land in Washington county, and ten days later the purchaser had the agreement duly recorded. On September 28, pursuant to the agreement, and after the land had been surveyed and marked on the ground, Rachel Bell executed and delivered to Reed, the appellant, a general warranty deed for the premises, which were described by metes and bounds. The deed was duly recorded on October 26, and the purchaser entered into possession. On January 29, 1909, Rachel Bell executed and delivered to T. J. Nichols a general warranty deed for a part «of the same premises which she had conveyed to Reed, and this deed was recorded on February 1,1909. It was alleged that this deed was made pursuant to an oral agreement between Rachel Bell and T. J. Nichols made qn May or June 9, 1908, which was evidenced by a receipt signed by Rachel Bell for $100, and containing the following words: “payment on lot situate southeast of public road and adjoining property of J. R. McNary.” Nichols went into possession of this property early in the spring of 1909, and on June 28, obtained a rule on Reed to bring his action of ejectment. On the trial a verdict in favor of the defendant was returned by the jury.
The controlling question was whether at the time of the purchase by Reed on August 4, he had knowledge of the previous contract between Mrs. Bell and Nichols. This question was disputed and was clearly for the jury alone. There is not any controversy between the parties as to the character and degree of such notice as required by the decision: Mulliken v. Graham, 72 Pa. 484; Meehan v. Williams, 48 Pa. 238; Hottenstein v. Lerch, 104 Pa. 454.
In the charge to the jury, while the disputed facts were carefully reviewed, the learned trial judge stated that “under these conveyances the first to get into possession was Mr. Nichols — he claimed that he is in possession by *352 virtue of prior right or title on the ground; that his contract was made away back in May for the purchase of the lot, and Mr. Reed's not until later on in August.” In the part quoted the jury would reasonably be misled by assuming that the court was construing the writings and deciding as matter of law that the date of the papers was controlling, without regard to the oral proofs as to notice, knowledge and possession. In another part of the charge of the court it is stated, “But I think the sole question is, who had the prior contract, the first contract for the sale of the lot, who purchased it first?” While this is not assigned for error, it is proper to refer to it for the purpose of showing that the error complained of was not counteracted but was emphasized.
A like error is presented in the sixth assignment.
At the conclusion of the testimony the plaintiff requested that the jury should be directed, under the evidence, to find for the plaintiff, which was properly refused, and after the verdict was rendered a motion for judgment non obstante veredicto was made based on the refusal of the court to give binding instructions and this was rightly refused. While there was no motion for a new trial, the error alleged in this record relates to the charge of the court on the trial. The fourth and sixth assignments of error are sustained, the judgment is reversed and a venire facias de novo awarded.